UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LISA CRUMPLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14-CV-559-PLR-CCS |
| | ) |
| ANDERSON COUNTY, TENNESSEE, | ) |
| And DAVID CROWLEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, Lisa Crumpley, brings this action against her former employer, Defendant Anderson County and David Crowley, under the Fair Labor Standards Act (FLSA), the Family and Medical Leave Act (FMLA), Title VII, 42 U.S.C. § 1983, the Tennessee Human Rights Act (THRA), and the Tennessee Public Protection Act (TPPA), for damages resulting from her unlawful termination and to remedy violations of the wage provisions of the FLSA.

### I. Factual Background

The facts are taken from Plaintiff's Amended Complaint [R. 26]. Crumpley was employed by Anderson County from 1995 until her termination on October 9, 2014. She was initially hired as a School Resource officer in the Sheriff's Department. In 2004, she transferred to the Department of Public Works, and became certified to perform residential and commercial inspections. Her normally scheduled shift was Monday

through Friday, 8:00 a.m. until 5:00 p.m. She was a non-exempt, hourly employee. Crumpley states she seldom received a duty-free meal period and she frequently worked at home after 5:00 p.m. She avers she was not paid for all hours worked or an overtime premium for all hours worked over 40 hours in a workweek.

David Crowley was hired in September 2012 to be the Director of the Department of Public Works. Crumpley avers that Crowley was never certified to perform any inspections; nevertheless, Crowley performed inspections without being certified and ordered Crumpley to sign his inspection reports, which she refused to do.

In 2013, Crumpley was contacted by the State Fire Marshal and asked about Crowley's qualifications to perform building inspections. Crumpley cooperated with the State Fire Marshall, answered his questions, and referred him to other individuals to provide more information. The State Fire Marshal's office performed an audit on the Department and Crowley in February 2013. After the audit, the State of Tennessee Department of Commerce and Insurance ordered Crowley to stop performing inspections until he became properly certified.

Anderson County Mayor Terry Frank called Crumpley to the HR office and asked her if she had given anyone information about Crowley performing inspections. Crumpley told Mayor Frank that she "answered the state's questions and referred them to you" for further information.

Crumpley was subsequently contacted by the Tennessee Bureau of Investigation (TBI), which was conducting an investigation into Crowley's activities. Crumpley met with a TBI agent on two occasions and cooperated in the investigation. Crumpley states

2

that after Crowley learned of the TBI investigation, he harassed her and set out on a plan to terminate her in retaliation for her refusal to participate in his illegal activities and for her participation (whistleblowing) in the state's investigation. Due to Crowley's harassment/retaliation, Crumpley developed a serious health condition which required treatment by a doctor and incapacitated her for 3 days. She advised the County's Human Resources Director Cathy Best on October 3, 2014, that she needed to take FMLA leave. Crumpley also notified Crowley of her need for leave due to her health condition. Best told Crumpley to bring in a doctor's statement, and Best would help Crumpley fill out the FMLA paperwork. Crumpley returned to work on October 6, but went home sick due to stress. She was out October 7 and 8, and provided notice to the County.

On October 7, 2014, Crowley was indicted by the Anderson County grand jury for conducting illegal inspections. Crowley was notified of the indictment on October 8 and arranged to surrender to law enforcement authorities the next day October 9.

On October 9, prior to his surrender to authorities, Crowley sent a text to Crumpley asking her to call him. She returned his call and Crowley terminated her employment with Anderson County. Crumpley received a copy of her Separation Notice on October 15, 2014, stating that she was terminated for "Insubordination."

Crowley openly told people he wanted only men working full time in the Department. He told Crumpley that he would only hire a "man" for a vacant Codes Officer position to replace a female who had just left. After terminating Crumpley, Crowley replaced her with a male employee.

## II. Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the plaintiff's claim that would entitle plaintiff to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.) *cert. denied*, 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## III. FMLA Claims

Defendants move to dismiss Crumpley's claims for violation of the FMLA on the basis that her Amended Complaint fails to allege that the County or Crowley did anything to interfere with or retaliate against Crumpley after she informed HR that she needed to take FMLA leave on October 3, 2014.

Crumpley responds that she was terminated 6 days after requesting FMLA leave, which is sufficient to establish a claim for interference/retaliation under the FMLA on the basis of temporal proximity. The Court agrees.

A plaintiff states a claim for retaliation under the FMLA by showing that (1) she was engaged in a statutorily protected activity, (2) her employer knew that she was exercising her FMLA rights, (3) she suffered an adverse employment action, and (4) a causal connection existed between the protected activity and the adverse employment action. *Seeger v. Cincinnati Bell Tel. Co.,* 681 F.3d 274, 283 (6th Cir. 2012). To establish a claim for FMLA interference, a plaintiff must show (1) she was an eligible employee, (2) the defendant was an "employer" as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied or interfered with the employee's FMLA benefits to which she was entitled. *Wallace v. FedEx Corp.,* 764 F.3d 571, 585 (6th Cir. 2014). Defendants challenge only the last element of each claim – that there was a causal connection between Crumpley's protected activity and the alleged retaliation/interference with her entitlement to FMLA benefits.

The Amended Complaint states that due to the harassment and stress Crowley put her under, Crumpley developed a serious health condition. She advised the County and Crowley on October 3 that she needed to take FMLA leave. Crumpley returned to work on October 6, but went home sick due to stress. She remained out of work on October 7 and 8. Crowley was indicted by the Anderson County grand jury on October 7. On October 9, Crowley terminated Crumpley's employment with Anderson County. The

5

Court finds that the temporal proximity between the time Crumpley requested FMLA leave and her termination only days later is enough, along with the other allegations in her Amended Complaint, to state claims for FMLA retaliation and interference. Accordingly, defendants' motion to dismiss Crumpley's FMLA claims will be denied.

### IV.  Title VII and § 1983 Claims

Defendants move to dismiss Crumpley's claims brought under Title VII for sexual discrimination and under 42 U.S.C. § 1983 for First Amendment harassment/retaliation because Crumpley did not attach a right-to-sue letter from the EEOC allowing her to commence an action in court. Defendant's motion was filed prior to the filing of Crumpley's Amended Complaint which includes as an attachment, a Notice of Right to Sue issued by the EEOC on January 15, 2015 [R. 26]. Accordingly, defendants' motion to dismiss the Title VII claim and § 1983 claim for failure to exhaust administrative remedies will be denied as moot.

### V.  State Law Claims

Defendants move to dismiss Crumpley's state law claims alleging violations of the THRA and the TPPA, because her state law claims predominate over her federal claims; therefore, the Court should decline to exercise supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

28 U.S.C. § 1367 provides district courts with supplemental jurisdiction over state law claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, Crumpley's state law termination claims and

6

her federal claims are closely intertwined and form part of the same case or controversy. Moreover, where adjudication of the state law claims "will likely require the same witnesses, evidence, and determination of the same or similar facts as the adjudication of the federal claims, the state law claims cannot be said to predominate over the federal law claims." *See Brusco v. Cnty of Montgomery,* 2011 WL 3021526 (M.D.Tenn. July 21, 2011) (finding that it would be wasteful for common issues to be adjudicated in both state and federal court). At this point in the litigation, the Court cannot find that judicial economy would be served by dismissing Crumpley's state law claims, and defendants' motion will be denied.

### VI. Punitive Damages Claim

Defendants move to dismiss Plaintiff's claim for punitive damages on the grounds that damages under the TPPA are tied to the limitations on nonpecuniary awards under the THRA. Because punitive damages are not available under the THRA, defendants assert Crumpley's claim for punitive damages must be dismissed.

Crumpley responds that whether punitive damages are available under the TPPA is a question that has not yet been settled by Tennessee courts. Crumpley acknowledges that the THRA has never provided for punitive damages, but states that in *Coffey v. City of Oak Ridge,* 2014 Tenn. App. LEXIS 564, the Tennessee Court of Appeals found that "the issue of punitive damages when a suit is brought under the TPPA has not been addressed by the courts and is an issue of first impression." *Id.* at 18. The Tennessee Court of Appeals affirmed the trial court's grant of summary judgment to defendants, and found the issue of punitive damages pretermitted.

7

Because punitive damages under the TPPA have not been foreclosed by the Tennessee courts, defendant's motion to dismiss this claim will be denied.

### VII.  Motion to Stay/Dismiss David Crowley

Last, Defendants move to stay the action against Crowley, or, in the alternative, dismiss Crowley as an unnecessary party.  In support of the motion, defendants state that on October 7, 2014, Crowley was indicted by an Anderson County grand jury alleging violations of Tenn. Code Ann. § 68-120-113, and the criminal trial is scheduled for April 27, 2016.  Defendants state the allegations of Plaintiff's civil complaint overlap the criminal indictments.  Crowley has a Fifth Amendment right not to be deposed or otherwise testify, and he cannot be compelled to produce documents or other items and tangible things in violation of his Fifth Amendment privilege.  In the alternative, Defendants move to dismiss Crowley as an unnecessary party in this action, stating that because Anderson County is also named as a party defendant, Plaintiff's claims can move forward without Crowley as a named defendant.

Plaintiff responds that Crowley's ability to defend himself in the criminal action will not be hampered by his participation in the civil case, and defendants' motion to stay should be denied.

Whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but rather, one of court discretion, that should be exercised when the interests of justice so require.  *United States v. Kordel,* 397 U.S. 1, 12 n. 27.  A district court should stay a civil action only upon a showing of "special circumstances," so as to prevent the defendant from suffering substantial and irreparable

8

prejudice. *Securities and Exchange Com. v. First Fin. Group of Texas, Inc.,* 659 F.2d, 660, 668 (5th Cir. 1981). Here, Crumpley participated in an investigation of Crowley by the TBI, and she may be called as a witness in the criminal case. The Court finds that a limited stay as to Defendant Crowley until the criminal trial takes place on April 27, 2016 is appropriate. The stay does not apply to Defendant Anderson County, and the County will fully comply with discovery during the stay. Accordingly, Defendants' motion to stay will be granted, as modified.

## VIII. Conclusion

In light of the foregoing discussion, the following action is taken:

1. Defendants' motion to dismiss Plaintiff's FMLA claims [R. 14, 34] is **DENIED.**

2. Defendants' motion to dismiss Plaintiff's Title VII claim and § 1983 claim [R. 16] is **DENIED as moot.**

3. Defendants' motion to dismiss Plaintiff's state law claims [R. 21] is **DENIED.**

4. Defendants' motion to dismiss Plaintiff's request for punitive damages [R. 18, 32] is **DENIED.**

5. Defendants' motion to stay/dismiss the action against David Crowley [R. 12, 36] is **GRANTED** to the extent that this action is **stayed against David Crowley** until **May 2, 2016,** at which time the **stay will be lifted**. The motion to dismiss David Crowley as a party defendant is **DENIED.**

9

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**